IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TCYK, LLC | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-cv-259 |
| DOES 1-14, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO UNIDENTIFIED DOES' MOTIONS TO QUASH**

Pursuant to Federal Rule of Civil Procedure and this Court's Rules, Plaintiff's submit this response in opposition to the unidentified pro se Defendant's motion to quash Plaintiff's subpoena directed to a non-party [Doc.7].[1]

**I. Background**

The instant action is a copyright infringement lawsuit. In its complaint the Plaintiff has alleged that the individual Doe Defendants infringed Plaintiff's copyrighted motion picture.

While the Court has generously construed the unidentified filers' document as a motion to quash, the motion fails to assert any grounds in support of said motion, and fails to identify the pro se filer. Therefore the instant motion fails to meet the minimal requirements of Rule 7(b)(1)(B) and Rule 11. For this reasons alone the instant motion must be denied.

This Court has already granted Plaintiff's motion to take limited discovery prior to a Rule 26(f) conference. Plaintiff's motion to take discovery was grounded upon the fact that a 26(f) conference was not possible unless and until the Plaintiffs could identify and serve the

---
[1] Plaintiffs note that the filer of the instant motion to quash is not represented by any attorney and has not provided Plaintiff with any method to contact said filer. It is also unclear whether this Court has any ability to directly contact said filer.

1

Defendants. Plaintiff's motion included evidence that each of the Doe Defendants in the instant litigation used an Internet file sharing protocol called BitTorrent to copy and reproduce the Motion Picture over the Internet. The Plaintiff's motion and complaint allege, and provide evidence that, the actions of each of the individual Defendants combined to result in the unauthorized, viral dissemination of Plaintiff's Motion Picture. *See* Complaint [Doc.1] at ¶¶4-18; *see also* Affid. Griffin at ¶¶21, 24, 25, 29-30. This Court's order granting limited early discovery concluded "The Court finds that there is little chance of prejudice to the alleged infringers."

**II.     Argument**

    **A.     Standards**

Rule 45(c)(3)(A) states that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. *See Pacific Century Int'l, Ltd. v. Does 1–37,* ——F.Supp.2d ——, 2012 WL 1072312, at *2 (N.D.Ill. March 30, 2012).

While the parties objecting to subpoenas carry the burden to prove that the subpoena should be quashed, it is clear from this Court's previous order that in the instant case the Plaintiffs have alleged facts well beyond the standards established in the above precedent.

    **B.     Fatal Procedural Flaw: The Instant Motion Fails to Meet the Requirements of Rule 11**

The instant motion to quash faces a glaring procedural hurdle—it violates the stricture against anonymously filed motions. No identifying information was included with the filings. *See* Doc. 7.

2

Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The signator must also include his address, email address, and telephone number. *Id.* The rule directs that the "court must strike an unsigned paper" unless the omission is promptly cured. *Id.* The "central purpose of Rule 11 is to deter baseless filings in the district court and thus ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Hard Drive Productions v. Does 1–48*, 2012 WL 2196038, at *3 (N.D.Ill.).

Other courts have recognized that while motions to quash may be intended to maintain a defendant's anonymity, Rule 11(a) requires defendant's to either hire an attorney or otherwise comply with Rule 11 by revealing his or her identity. *Hard Drive Productions*, 2012 WL 2196038, at *3; *citing K–Beech, Inc. v. Does 1–29,* 826 F.Supp.2d 903, 905 (W.D.N.C.2011). As the Court in *Hard Drive* pointed out, if courts were to allow a defendant unrepresented by counsel to proceed anonymously, there would be no way to ensure that the movant has the interest he or she represents having in the litigation, thus casting doubt on whether there is any "case or controversy" with respect to that individual. *Id.* One purpose of the signature and other identifying information required by Rule 11(a) is to ensure that a stranger to the litigation does not impact its course. *Id.* A related purpose for Rule 11 is to create a layer of accountability necessary to protect all of the parties and the resources of the courts. *Id.* Without a signature from either the defendant or an attorney representing him or her, that protection disappears. *Id.*

For all these reasons the instant motions must be stricken from the record.

### C. Unidentified Defendant is Not Burdened by the Subpoena and Lacks Standing to Argue that His Internet Service Provider is Unduly Burdened

"[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena." *First Time Videos v. Does 1–500,* 276 F.R.D. 241, 250 (N.D.Ill.2011). "The movant has not explained how he or she has standing to argue that the subpoenas place an undue burden on Comcast (especially where Comcast itself has not objected), and the subpoenas do not burden him or her, because they do not require any action from the movant." *Id.*

As in *First Time Videos*, the instant motion fails to assert any facts that would give the unidentified Defendant standing to object for his internet service provider. The internet service provider has not objected, because it simply is not overly burdened by providing a name and contact information for the unidentified defendant.

### D. Information Subpoenaed is Neither Privileged Nor Protected Matter

The unidentified Defendant's motion does not assert that Plaintiff's subpoena requests privileged or protected matter, because the information subpoenaed is not privileged or protected. While individuals do have a First Amendment right to engage in anonymous speech on the internet, the First Amendment does not protect copyright infringement, and "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected." *Hard Drive Productions v. Does 1–48*, 2012 WL 2196038, at *4 (N.D.Ill.); citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 118 (2d Cir.2010).

Accordingly, in the context of a subpoena challenge, the defendant's First Amendment right to remain anonymous gives way to the plaintiff's right to access the judicial process to protect its copyright. *Hard Drive Productions*, 2012 WL 2196038, at *4; citing *Arista Records*,

4

604 F.3d at 124; *First Time Video,* 276 F.R.D. at 248; *Voltage Pictures, LLC v. Does 1–5,000,* 818 F.Supp.2d 28, 36 (D.D.C.2011).

To the extent that the unidentified defendant may "assert some more amorphous privacy interest in not having his identity revealed, courts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Hard Drive Productions*, 2012 WL 2196038, at *4; quoting *First Time Videos,* 276 F.R.D. at 249; see also *Boy Racer, Inc. v. Does 1–34,* No. 11–23035, 2012 WL 1535703, at *4 (S.D.Fla. May 1, 2012).

For all of these reasons, the unidentified defendant has not shown that his privacy interest would justify quashing the subpoenas under Rule 45.

### III. Conclusion

For all these reasons set forth herein, the Defendant's motion to quash must be **DENIED**.

Respectfully submitted,

s/Van R. Irion
Law Office of Van R. Irion, PLLC
9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
(865) 809-1505
van@irionlaw.com

Dated: September 27, 2013

### CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I electronically filed the foregoing document via the Court's ECF, electronic email system.

s/Van R. Irion
Law Office of Van R. Irion, PLLC

5

9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
(865) 809-1505
van@irionlaw.com